IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHARON ELIZABETH DUKE, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:05-cv-367-MEF |
| | ) | |
| HOUSTON COUNTY, ALABAMA, *et al.,* | ) | (WO- Not Recommended for Publication) |
| | ) | |
| DEFENDANTS. | ) | |

## MEMORANDUM OPINION AND ORDER

In this case, Sharon Elizabeth Duke ("Duke") brings claims of malicious prosecution

pursuant to 42 U.S.C. § 1983 and Alabama law, as well as, claims pursuant to Alabama law

for assault and battery, "intentional infliction of emotional distress," and negligent

supervision, training, and retention.  This cause is before the court on Defendants' Motion

to Dismiss (Doc. # 6) filed on May 16, 2005 by Houston County, Alabama ("Houston

County") and Deputy Sheriff Susan Seay and on Defendant McCallister's Motion to Dismiss

(Doc. # 10) filed on June 13, 2005.  The parties have had ample opportunity to submit

argument and authority in support of an in opposition to these motions; all of which this court

has considered.  For the reasons set forth below, the court concludes that Defendants' Motion

to Dismiss (Doc. # 6) and Defendant McCallister's Motion to Dismiss (Doc. # 10) are due

to be GRANTED in part and DENIED without prejudice in part as set forth herein.

## JURISDICTION AND VENUE

This court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331,

1343(a)(4), and 1367.  Additionally, defendants have not argued that the court does not have personal jurisdiction over each of them.  There is no dispute over whether venue pursuant to 28 U.S.C. § 1391(b) is appropriate as alleged.

## PROCEDURAL HISTORY

On April 20, 2005, Duke filed this action against Houston County, Susan Seay ("Seay"), Jason McCallister ("McCallister"), and the Houston County Sheriff's Department. Subsequently, all claims against the Houston County Sheriff's Department were dismissed. All remaining defendants have pending motions to dismiss.  This Memorandum Opinion and Order addresses a significant issue raised by both Seay's motion and McCallister's motion.

## SUMMARY OF ALLEGATIONS

The following is a summary of the factual basis for the lawsuit as set forth by the allegations of the Complaint (Doc. # 1).  It is alleged that on August 12, 2003, Duke fell ill at her home.  She called a female friend and asked the friend to come and take her to the hospital.  A few minutes later, McCallister arrived at Duke's house to take her to the hospital. McCallister was at that time employed as a Deputy Sheriff by the Houston County Sheriff's Office.  He was also Duke's ex-boyfriend.  McCallister took Duke to the hospital where she given tests and medications including Adavan, morphine and Lorcet Plus.  McCallister brought Duke home.  She asked him to leave, but he insisted on staying.  Duke fell asleep and was in and out of consciousness due to the medications she had been given at the hospital.  At various points, Duke woke up to find McCallister performing various sexual

acts with her.  She protested each time she awoke, but then she "passed out" again.

On August 14, 2003, Duke gave a statement to Deputy Scott Langley of the Houston County Sheriff's Department complaining of sexual assault by McCallister.  Seay, a Deputy Sheriff with the Houston County Sheriff's Department with the rank of Lieutenant called Duke in for an interview regarding the police report.

On August 19, 2003, Duke met with Seay.  During this interview, Duke alleges that Seay refused to listen to her, cut her off when she tried to explain what happened, and accused her of "using" McCallister.  Seay also allegedly insisted repeatedly that the sex was consensual even though Duke was unconscious.  The interview upset Duke a great deal.  At the end of the interview, Seay told Duke that McCallister had agreed to take a polygraph and asked Duke to take one as well.  Duke did so.  Upon leaving the polygraph test, Seay told Duke that Duke's police report was "unfounded" and cautioned her not to be surprised when charges were pressed against her because "the Sheriff didn't like people filing reports on his deputies."

On August 20, 2003, Seay swore out an arrest warrant against Duke for alleged false reporting of a crime.  On August 21, 2003, Duke was arrested at her place of employment and taken to the Houston County Jail in a County Sheriff's car.  Seay executed the arrest warrant.  Duke was released on bond.  Duke plead not guilty to the charge and that charge was eventually "thrown out."   Duke alleges that the defendants acted with malice or deliberate indifference to her federally protected rights causing her emotional distress,

3

humiliation, inconvenience, mental anguish, loss of enjoyment of life, physical injury, pain, and suffering.

The complaint names both Seay and McCallister in both their individual capacities and in their official capacities as "agents for Houston County and the Houston County Sheriff's Department."   The complaint sets forth five causes of action: (1) Count I - Malicious Prosecution in Violation of the Fourth Amendment (Asserted Through § 1983); (2) Count II - Assault and Battery; (3) Count III - Malicious Prosecution; (4) Count IV - Intentional Infliction of Emotional Distress; and (5) Count V - Negligent Supervision, Training and Retention.   Only Count I is brought pursuant to federal law and subject to this court's subject matter jurisdiction pursuant to 28 U.S.C. § 1331.   The remaining claims are brought pursuant to Alabama law and are before this court pursuant to 28 U.S.C. § 1367.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of a complaint.   Such a motion does not present the issue of whether a plaintiff will ultimately prevail, but rather, it raises the issue of whether a plaintiff is entitled to discovery and an opportunity to offer evidence beyond the allegations of the complaint in support of the claims.   *See, e.g, Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).   A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint.   *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Wright v.*

*Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) ("[W]e may not . . . [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.") (citation omitted).  The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party.  *Hishon*, 467 U.S. at 73.  Furthermore, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim.  *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).

## DISCUSSION

In this case, Duke has sued two individual defendants, Seay and McCallister.  Both Seay and McCallister are sued in their individual capacity, as well as their official capacity.  Both Seay and McCallister filed motions to dismiss predicated, at least in part, on qualified immunity.  Both Seay and McCallister argue that Duke's Complaint fails to comply with the "heightened pleading" requirement applicable to cases such as this one according to the law of the Eleventh Circuit Court of Appeals.  On the other hand, Duke contends that "heightened pleading" is no longer required for such cases and that the Complaint comports with the notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2).[1]

More than a decade ago, the Eleventh Circuit Court of Appeals required plaintiffs bringing claims pursuant to 42 U.S.C. § 1983 to satisfy a heightened pleading standard.  *See,*

---

[1] Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

*e.g., Oladeinde v. City of Birmingham,* 963 F.2d 1481 (11th Cir. 1992), *cert. denied,* 507 U.S. 987 (1993). To satisfy this standard in such cases, a plaintiff must plead her claims with some factual detail. *Id.* at 1485.

In 1993, the Supreme Court of the United States held that courts may not impose a heightened pleading requirement for claims pursuant to 42 U.S.C. § 1983 against municipal entities, but it specifically declined to reach the issue of whether a similar holding was warranted in such cases against individual government entities. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 167-68 (1993). It is clear that after the *Leatherman* decision, the Eleventh Circuit Court of Appeals determined that it was still appropriate to require heightened pleading in some cases pursuant to 42 U.S.C. § 1983 or similar cases. *See, e.g, Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1250-51 (11th Cir. 2003) (affirming the district court's decision to apply heightened pleading standard to a § 1983 claim); *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003) (applying heightened pleading standard to motion to dismiss in a *Bivens* action); *Laurie v. Alabama Court of Crim. Appeals,* 256 F.3d 1266, 1275-76 (11th Cir. 2001) ("'Heightened pleading is the law of this circuit' when § 1983 claims are asserted against government officials in their individual capacities."); *Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000) (recognizing "heightened pleading requirement applicable to section 1983 actions against individual government officials"); *GJR Invs., Inc. v. County of Escambia, Fla.,* 132 F.3d 1359, 1367-68 (11th Cir. 1998).

In 2002, the United States Supreme Court decided a case which once again has caused some courts to reconsider the appropriateness of requiring heightened pleading. In *Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506 (2002), the Supreme Court held that "an employment discrimination complaint need not include [specific facts establishing a prima facie case of discrimination under the framework set forth by *McDonnell Douglas Corp. v. Green*] and instead must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Swierkiewicz,* 534 U.S. at 508 (*citing* Fed. R. Civ. P. 8(a)(2)). While the clearly announced specific holding of this case makes it plain that it is applicable to employment discrimination cases and does not address cases against individual governmental actors pursuant to 42 U.S.C. § 1983, nearly every Circuit Court of Appeals has subsequently rejected a heightened pleading requirement in cases against government officials pursuant to 42 U.S.C. § 1983.[2] Despite this apparent trend, the Eleventh Circuit

---

[2]  The First, Second, Third, Sixth, Seventh, Eighth, Ninth, Tenth, and D.C. Circuits have rejected heightened pleading in the wake of *Leatherman , Swierkiewicz* and *Crawford-El v. Britton,* 532 U.S. 574 (1998) (rejecting a heightened burden of proof in a civil rights case against government officials). *See, e.g., Doe v. Cassel,* 403 F.3d 986, 988-89 (8th Cir. 2005); *Educadores Puertorriquenos en Accion v. Hernandez,* 367 F.3d 61, 66-67 (1st Cir. 2004); *Alston v. Parker,* 363 F.3d 229, 233-35 (3rd Cir. 2004); *Phelps v. Kapnolas,* 308 F.2d 180, 187 (2d Cir. 2002); *Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1125-26 (9th Cir. 2002); *Goad v. Mitchell,* 297 F.3d 497, 501-05 (6th Cir. 2002); *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002); *Currier v. Doran,* 242 F.3d 905, 911-17 (10th Cir. 2001); *Harbury v. Deutch*, 233 F.3d 596, 610 (D.C. Cir. 2000), *rev'd on other grounds sub nom. Christopher v. Harbury,* 536 U.S. 403 (2002) ("plaintiffs making constitutional claims based on improper motive need not meet any special heightened pleading standard"). *See also* 2 James Wm. Moore et al., Moore's Federal Practice § 9.10[2], at 9-62-67 (3rd ed. 2004). The Fifth Circuit Court of Appeals does not have heightened pleading, but instead uses a procedure pursuant to Federal Rule of Civil Procedure 7(a) in cases where a government

Court of Appeals has reiterated that it requires heightened pleading in civil rights cases to the extent that they are brought against individual defendants who might raise a qualified immunity defense on several occasions since the Supreme Court decided *Swierkiewicz*. *See, e.g., Swann v. Southern Health Partners, Inc.,* 388 F.3d 834, 838 (11th Cir. 2004); *Dalrymple v. Reno,* 334 F.3d 991, 996 (11th Cir. 2003); *Gonzalez,* 325 F.3d at 1235. In light of the binding decisions from the Eleventh Circuit Court of Appeals and the absence of direct authority from the United States Supreme Court to the contrary, this court will continue to apply the heightened pleading standard in cases pursuant to 42 U.S.C. § 1983 against governmental officials sued in their individual capacities.

Having determined that Duke must comply with the heightened pleading requirement with respect to her articulation of the factual and legal bases for her claims against Seay and McCallister in their individual capacities pursuant to 42 U.S.C. § 1983, the court must now determine whether she has done so. With respect to the bases for her malicious prosecution claim pursuant to 42 U.S.C. § 1983 against McCallister, it is particularly plain that Duke has failed to comply with the requirements of the heightened pleading standard of this circuit. It is impossible to ascertain from the allegations of the Complaint what factual basis Duke claims exists for this claim against McCallister. Although the Complaint provides more factual detail with respect to this claim against Seay, it is still, in this court's view, deficient.

official wishes to raise qualified immunity. *See, e.g., Schultea v. Wood,* 47 F.3d 1427, 1433-34 (5th Cir. 1995).

8

For this reason, the court is inclined to grant the motions to dismiss to the extent that they are predicated on the argument that Duke has failed to comply with the heightened pleading requirement.  Nevertheless, the court is also inclined to allow Duke an opportunity to amend her complaint to correct these deficiencies.  Given that while doing so Duke may also alter or amend other aspects of her complaint, the court is not inclined at this time to rule on the other grounds for dismissal urged by defendants.

### CONCLUSION

In accordance with the foregoing, it is hereby ORDERED as follows:

1.  Defendants' Motion to Dismiss (Doc. # 6) and Defendant McCallister's Motion to Dismiss (Doc. # 10) are due to be GRANTED in part and DENIED without prejudice in part.

2.  Plaintiff shall file an Amended Complaint by no later than **April 10, 2006**.

DONE this the 30th day of March, 2006.


_____
     /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE