IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHARON ELIZABETH DUKE, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CASE NO.: 1:05-cv-367-MEF |
| | ) |
| HOUSTON COUNTY, ALABAMA, *et al.,* | ) (WO- Not Recommended for Publication) |
| | ) |
| DEFENDANTS. | ) |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on the Defendant McCallister's Motion to Dismiss Plaintiff Duke's Amended Complaint (Doc. # 24), filed on April 21, 2006.

The Amended Complaint contains two sets of claims: (1) claims against McCallister pursuant to Alabama law for assault and battery and for intentional infliction of emotional distress and (2) claims against Houston County, Alabama, the Sheriff of Houston County Alabama, Lamar Glover, and Susan Seay, an employee of the Houston County Sheriff's Department pursuant to 42 U.S.C. § 1983 and pursuant to Alabama law. The court has original subject matter jurisdiction over the second set of claims some of which arise under federal law. The claims against McCallister, however, are brought solely pursuant to state law. Plaintiff contends that this court has supplemental jurisdiction over the state law claims against McCallister pursuant to 28 U.S.C. § 1367.

McCallister asks the court to dismiss the claims against him for lack of subject matter jurisdiction or to decline to exercise supplemental jurisdiction under the authority of 28

U.S.C. § 1367(c).[1]  The court finds that it does not have supplemental jurisdiction over the claims against McCallister because these claims are not "so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," as is required by § 1367 for supplemental jurisdiction to exist.  *See, e.g., Hudson v. Delta Air Lines, Inc.,* 90 F.3d 451 (11th Cir. 1996) (holding that in deciding whether a state law claim is part of the same case or controversy as a federal issue, a court looks to whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence); *Roberts v. Lakeview Cmty. Hosp.,* 985 F. Supp. 1351, 1351-52 (M.D. Ala. 1997) (dismissing for lack of jurisdiction state law battery claims against a doctor from suit against hospital pursuant to Title VII for employment discrimination).  The claims in this case against McCallister arise out of an alleged sexual assault at Plaintiff's residence on August 12, 2003.  The claims against the other defendants in this case arise out of the course of events which occurred after Plaintiff reported the alleged sexual assault by McCallister and include the August 21, 2003 arrest of Plaintiff for allegedly falsely reporting a crime on.  Considering the relevant factors, the court cannot find that the claims involve the same facts or similar occurrences, witnesses or evidence.

In accordance with the foregoing, it is hereby ORDERED as follows:

1. Defendant McCallister's Motion to Dismiss Plaintiff Duke's Amended Complaint

---

[1] McCallister also raises a number of other bases for his motion to dismiss that the court need not, and does not, address.

(Doc. # 24) is due to be GRANTED in part to the extent that it seeks dismissal of this action for lack of subject matter jurisdiction.

    2.  All claims against Jason McCallister are DISMISSED WITHOUT PREJUDICE for lack of jurisdiction and Jason McCallister is DISMISSED as a defendant.

    DONE this the 12th day of July, 2006.

                                                  /s/ Mark E. Fuller
                                      CHIEF UNITED STATES DISTRICT JUDGE